**Carlos Alfredo SILVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74138.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2013.*

Filed May 24, 2013.

Fabian C. Serrato, Serrato Law Firm, Santa Ana, CA, for Petitioner.

Liza Murcia, OIL, Shahrzad Baghai, David V. Bernal, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

MEMORANDUM **

Carlos Alfredo Silva petitions for review of the BIA's decision affirming the IJ's determination that he was removable and not eligible for cancellation of removal.

Silva argues that the Government failed to prove removability based on his mari-juana conviction. Even if he is correct, the BIA also found him removable based on his cocaine conviction. Silva does not challenge this second ground and is, therefore, removable. *See Haile v. Holder,* 658 F.3d 1122, 1130 (9th Cir.2011) (denying petition when alien failed to address BIA's alternative grounds for its decision).

Even if Silva's argument that he is entitled to cancellation of removal is not waived, Silva is unable to meet his burden of demonstrating that he is eligible, because, even if he is correct that his criminal record check was inconclusive, "an inconclusive record of conviction does not demonstrate eligibility for cancellation of removal," and "is insufficient to satisfy the alien's burden of proof." *Young v. Holder,* 697 F.3d 976, 989 (9th Cir.2012) (en banc).

**PETITION DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.